IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HECTOR SAUL RIVERA FLORES,

                        Petitioner,

     v.

TYLER EDWARDS, in his official capacity as
Administrator of the Douglas County Jail,
DAVID EASTERWOOD, in his official capacity as
Field Office Director of the ICE Chicago Field Office
of Enforcement and Removal Operations,
U.S. Immigration and Customs Enforcement,
U.S. Department of Homeland Security,
TODD M. LYONS, in his official capacity as
Acting Director, Immigration and Customs
Enforcement, U.S. Department of Homeland
Security, MARKWAYNE MULLIN, in his official capacity as
Secretary, U.S. Department of Homeland Security, and
TODD BLANCHE, in his official capacity as
Acting Attorney General of the United States,

                      Respondents.[1]

OPINION AND ORDER

26-cv-96-wmc

---

      Petitioner Hector Saul Rivera Flores, a citizen of El Salvador, is presently in custody of

United States Immigration and Customs Enforcement ("ICE") at the Douglas County Jail in

Superior, Wisconsin.  Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241, arguing

that he is being unlawfully detained by the respondents without a bond hearing.  (Dkt. #1.)

He seeks his immediate release or, alternatively, a bond hearing.  (*Id.*)  The federal officials

who are reportedly responsible for his detention (collectively, "respondents") have filed a brief

in response (dkt. #10), and petitioner has filed a reply (dkt. #11).  For the reasons that follow,

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the court has substituted Markwayne Mullin in place of former DHS Secretary Kristi Noem and Todd Blanche in place of former Attorney General Pamela Jo Bondi.

the petition is GRANTED and respondents will be ordered to provide petitioner with a bond hearing within seven days.

BACKGROUND

Since 1999, petitioner has resided in St. Paul, Minnesota, where he has a wife and two minor children.  On January 28, 2024, petitioner left the United States briefly and returned on February 21, 2024, at the port of entry in Washington, DC, through a grant of advance parole as a non-citizen with Temporary Protected Status ("TPS") under § 244 of the Immigration and Nationality Act ("INA").[2]  (Dkt. #1-1, at 2; Dkt. #1-2, at 2-3.)  The TPS program allows the federal government to grant temporary protected status to a national of a foreign state in designated cases of ongoing armed conflict, environmental disaster, or other extraordinary and temporary conditions that prevent safe return.  8 U.S.C. § 1254a(b)(1).  The benefits of TPS are "temporary protection from removal (or deportation), employment authorization in the United States, and the opportunity to apply for travel authorization." (Dkt. #1-1, at 2.)

On January 7, 2026, petitioner was apprehended by agents with the U.S. Department of Homeland Security ("DHS") in St. Paul, Minnesota.  Neither party has provided any facts regarding the circumstances of his arrest, although petitioner alleges that he has never been arrested before nor even been charged with any criminal offense for which detention would be

---

[2] Respondents question whether petitioner remains in valid TPS, noting that the Form I-797A that he presented at readmission on February 21, 2024, expired on March 9, 2025.  (Dkt. #10, at 3 n.2) (citing Dkt. #1-1.)  However, TPS for El Salvador beneficiaries appears to have been automatically extended through September 9, 2026, so long as they continue to meet eligibility requirements for TPS.  *See* Extension of the Designation of El Salvador for Temporary Protected Status, 90 Fed. Reg. 5953-01, 2025 WL 224822 (Jan. 17, 2025).  Respondents present no evidence that petitioner is no longer eligible for TPS.

mandatory.  On February 4, 2026, an immigration judge denied petitioner's request for a bond and for a custody redetermination under 8 C.F.R. § 1236 because:

> [Petitioner] is designated as an arriving alien after appearing at a port of entry and being paroled into the United States.  Therefore, the Court does not have jurisdiction to consider him for release on bond.  8 C.F.R. Section 1003.19(h)(2)(i)(B); *Matter of Oseiwusu*, 22 I&N Dec. 19 (BIA 1998).

(Dkt. #1-4, at 4.)[3]  Petitioner remains detained at the Douglas County Jail without having access to a bond hearing.

OPINION

Petitioner argues that he has been improperly designated as an "arriving alien" and denied an opportunity for a bond hearing under a recent change in DHS policy.  Specifically, the Board of Immigration Appeals held in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), that based on section 235(b)(2)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1225(b)(2)(A), immigration judges lack authority to hear bond requests or to grant bond to aliens who are present in the United States without proper admission.  In relevant part, § 1225 states that "[a]ll aliens . . . who are *applicants for admission* or *otherwise seeking admission* or readmission to or transit through the United States shall be inspected by immigration officers."  8 U.S.C. § 1225(a)(3) (emphasis added).

Under § 1225(b)(2), if the examining immigration officer determines that an alien seeking admission "is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained" for formal removal proceedings under § 1229(a).  8 U.S.C. § 1225(b)(2)(A).  Detention under § 1225(b)(2) is considered mandatory because individuals detained under §

---

[3] The subsection cited states that an immigration judge may not redetermine conditions of custody imposed by ICE for "[a]rriving aliens in removal proceedings, including aliens paroled after arrival pursuant to section 212(d)(5) of the Act."  8 C.F.R. § 1003.19(h)(2)(i)(B).

1225 are not entitled to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018) ("[N]either § 1225(b)(1) nor § 1225(b)(2) says anything whatsoever about bond hearings.").

Nevertheless, petitioner argues that he is *not* an arriving alien whose custody is governed by § 1225(b)(2), but is instead subject to § 1226(a), which addresses "[a]pprehension and detention of aliens" who are *not* in the process of seeking admission to the United States. Indeed, the Supreme Court has previously held that this provision governs detention of noncitizens who are "*already in the country*." *Jennings*, 583 U.S. at 288-89 (emphasis added). Section 1226(a) applies to any alien who is arrested and detained "[o]n a warrant issued by the Attorney General," entitling a noncitizen to the "usual removal process," including a wider range of due process protections. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020). Section 1226(a) provides that the Attorney General or his designee: (1) "may continue to detain the arrested alien"; (2) "may release" the alien on "bond"; *or* (3) "may release" the alien on "conditional parole." 8 U.S.C. §§ 1226(a)(1)-(2). Thus, petitioner argues that his custody is subject to § 1226(a), entitling him, at minimum, to a bond hearing.

This court and hundreds of others have taken the same position as petitioner, expressly rejecting the government's interpretation of § 1225(b)(2), and ordering bond hearings for noncitizens wrongfully classified as arriving aliens after being arrested within the interior of the United States following years of residence. Indeed, this court already ordered the government to show cause why habeas relief should not be granted by directly addressing petitioner's claims in light of past decisions from this district, which have consistently concluded that immigration officials had unlawfully classified an immigration detainee as ineligible for a bond hearing under § 1225(b)(2). *Quinapanta v. Bondi*, Case No. 25-cv-795-wmc (W.D. Wis.)(dkt. #18); *Hussein v. Edwards*, No. 25-cv-1075-wmc (W.D. Wis.)(dkt. #14); *Paredes Padilla v. Galovich*, Case No.

25-cv-863-jdp (W.D. Wis.)(dkt. #19).   In response, however, respondents merely repeat arguments already rejected by this court *and* the Seventh Circuit, which has held in deciding a motion to stay pending appeal that the government was not likely to succeed by arguing a mandatory detention provision contained in § 1225(b)(2) applies to noncitizens arrested within the interior of the United States.  *Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025).[4]

Here, the undisputed *facts* demonstrate that petitioner entered the United States more than two decades ago and was granted leave to remain under temporary protected status.  As a valid TPS holder, respondents have not made a persuasive showing that petitioner was correctly classified and denied a bond hearing as an arriving alien.  *See Duarte v. Mayorkas*, 27 F.4th 1044, 1060-61 (5th Cir. 2022) (finding that TPS beneficiaries who were admitted when returning from abroad under a grant of advance parole are no longer considered to be an "arriving" alien or applicant for admission).  Nor have respondents alleged that petitioner's protected status has been revoked.  Assuming that his protected status remains valid, the government cannot, as a matter of law, detain him solely on the basis of his immigration status. *See* 8 U.S.C. § 1254a(d)(4) ("An alien provided temporary protected status under this section

---

[4] While a split panel of the Seventh Circuit recently affirmed this underlying judgment in part, there was no majority consensus on whether § 1225(b)(2) permits the mandatory detention of all noncitizens present in the United States without regard to their legal status. *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, No. 25-3050, 2026 WL 1223250 (7th Cir. May 5, 2026).  Notably, however, the Second, Sixth, and Eleventh Circuits have rejected the government's interpretation of § 1225(b)(2). *Cunha v. Freden*, No. 25-3141, 2026 WL 1146044 (2d Cir. Apr. 28, 2026); *Lopez-Campos v. Raycraft*, No. 25-1965/1969/1978/1982, 2026 WL 1283891 (6th Cir. May 11, 2026); and *Hernandez Alvarez v. Warden, Fed. Detention Ctr Miami*, No. 25-14065, 2026 WL 1243395 (11th Cir. May 6, 2026).  By contrast, the Fifth and Eighth Circuits have approved it. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026).  Until the Seventh Circuit provides additional guidance, this court remains convinced that its analysis of § 1225(b)(2) is sound.

shall not be detained by the Attorney General on the basis of the alien's immigration status in the United States."). Because his detention without a bond hearing is unlawful, the court finds that petitioner is entitled to a bond hearing during which he can clarify his status and challenge his classification.

ORDER

IT IS ORDERED that:

1) The petition for a writ of habeas corpus filed by Hector Saul Rivera Flores (dkt. #1) is GRANTED.

2) Within **seven (7) days** of the date of this order, respondents shall afford petitioner a bond hearing before an immigration judge under 8 U.S.C. § 1226(a).

3) The clerk of court is directed to enter judgment accordingly and close this case.

Entered this 27th day of May, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge